IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICKEY FRANK PRYOR, 1536612,   ) | |
|       Petitioner,   ) | |
| ) | |
| v.   ) | No. 3:13-CV-808-O |
| ) | |
| WILLIAM STEPHENS, Director, Texas   ) | |
| Dept. Of Criminal Justice, Correctional   ) | |
| Institutions Division,   ) | |
|       Respondent.   ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

**II. Background**

Petitioner was convicted of assault with a deadly weapon, enhanced. *State of Texas v. Mickey Frank Pryor*, No. F-0800815-X (6th Crim. Dist. Ct., Dallas County, Tex., Aug. 18, 2008). The Court sentenced Petitioner to fifty years in prison. On December 15, 2009, Petitioner's conviction and sentence were affirmed on direct appeal. *Pryor v. State*, No. 05-08-01189-CR (Tex. App. – Dallas, pet. ref'd). On April 28, 2010, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Pryor v. State*, PDR No. 0082-10.

On November 15, 2010, Petitioner filed a state habeas petition. *Ex parte Pryor*, No. 76,772-01. On December 14, 2011, the Texas Court of Criminal Appeals denied the petition without written order.

On January 28, 2013, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) he received ineffective assistance of counsel when counsel failed to inform him of a four-year plea bargain offer and failed to quash the indictment;

(2) he received ineffective assistance of appellate counsel because he was denied a "meaningful appeal";

(3) the court failed to establish every element of the offense for the deadly weapon;

(4) the evidence was insufficient to support the conviction;

(5) he received ineffective assistance of counsel when counsel failed to notify the court of false allegations in the indictment.

On May 28, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. On August 26, 2013, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On April 28, 2010, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on July 28, 2010. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until July 28, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On November 15, 2010, Petitioner filed a state habeas petition. This

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

petition tolled the limitations period for 395 days, until it was denied on December 14, 2011. When 395 days were added to Petitioner's July 28, 2011, filing deadline, Petitioner's new deadline became August 27, 2012. Petitioner did not file his federal petition until January 28, 2013. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 28th day of January, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).